**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **JOSE OLVERA** | § | |
| **AND ALL OTHERS** | § | |
| **SIMILARLY SITUATED,** | § | |
| Plaintiffs, | § | |
| **v.** | § | **CIVIL ACTION** |
| | § | 4:13-cv-00975 |
| | § | |
| | § | |
| **UTILIMAP CORPORATION,** | § | |
| **QUANTA SERVICES MANAGEMENT** | § | |
| **PARTNERSHIP, L.P. and** | § | |
| **QUANTA SERVICES, INC.** | § | |
| Defendants | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES**, PLAINTIFFS, Jose Olvera, and all others similarly situated, and complain of Defendants, Utilimap Corporation, Quanta Services Management Partnership, L.P., and Quanta Services, Inc., (hereinafter collectively referred to as "Defendants") and for cause of action would show the Court as follows:

### I.  INTRODUCTION

1.      This is a collective action suit to recover unpaid overtime wages brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

2.      This action seeks equitable relief, compensatory and  liquidated damages, attorney's fees, taxable costs of court, and post-judgment interest for Defendants' willful failure to pay overtime pursuant to 29 U.S.C. § 216(b) for Plaintiff JOSE OLVERA, and all others similarly situated, in the course of their employment with the Defendants.

3.      JOSE OLVERA and all others similarly situated demand a jury trial on all issues

that may be tried to a jury.

4.     This action is authorized and instituted pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. and state common law.

## II. <u>JURISDICTION AND VENUE</u>

5.     Plaintiff JOSE OLVERA, on behalf of himself and the Plaintiff class, brings this action to recover unpaid overtime compensation from the Defendants pursuant to the Fair Labor Standards Act 29 U.S.C. § 201 *et seq*.

6.     This Court also has jurisdiction of these claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201 *et seq*.

7.     Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

## III. <u>PARTIES</u>

8.     Plaintiff **Jose Olvera** is a resident of Texas.

9.     **Members of the "PLAINTIFF CLASS"** are current and former non-exempt hourly employees of Defendants who work, or have worked, at one or more of Defendants' commercial facilities.

10.     Defendant **Utilimap Corporation, L.P.** is a validly existing Missouri Corporation that may be served with summons and complaint by serving its registered agent, Grant A. Medlin at 1617 S. Service Road West, Sullivan, Missouri or at any other address where he may be found.

11.     Defendant **Quanta Services Management Partnership, L.P.** is a validly existing Texas limited partnership that may be served with summons and complaint by serving its registered agent, Corporation Service Company at 211 E. 7th Street, Suite 620 Austin, Texas 78701.

12.     Defendant **Quanta Services Inc.** is a validly existing Texas corporation that may be served with summons and complaint by serving its registered agent, Corporation Service Company at 211 E. 7th Street, Suite 620 Austin, Texas 78701.

13.     Whenever in this complaint it is alleged that any or all of the above named Defendants committed any act or omission, it is meant that Defendants' officers, directors, partners, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done in the routine normal course and scope of employment of Defendants' officers, directors, partners, agents, servants or employees.

14.     At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA 29 U.S.C. § 203(r).

15.     At all material times, Defendant have been an enterprise within the meaning of 3(r) of the FLSA 29 U.S.C. § 203(r).

16.     At all material times, Defendant have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s) (1) of the FLSA because they have had employees engaged in commerce. 29 U.S.C. § 203(s) (1).

17.     At all material times, Plaintiff was an individual employee who was engaged in commerce in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

18.     Defendants Quanta Services Management Partnership, L.P. and Quanta Services, Inc., are involved in the establishment and administration of personnel policies and financial practices of Defendant Utilimap Corporation including Payroll practices.

19.     With respect to Defendants, Quanta Services Management Partnership, L.P. and Quanta Services, Inc., these Defendants have the specific authority to hire and/or fire employees of Defendant Utilimap Corporation.

20.     With respect to Defendants, Quanta Services Management Partnership, L.P. and Quanta Services, Inc., these Defendants have the specific authority to direct and supervise the work of Defendant Utilimap Corporation's employees.

21.     All named Defendants herein are Plaintiff's "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

## IV. CLASS ALLEGATIONS

22.     Plaintiff JOSE OLVERA files this case as an "opt in" collective action, as it is specifically allowed by 29 U.S.C. § 216(b).

23.     The class that Plaintiff   JOSE OLVERA seeks to represent may be described as follows:

> **All current and former employees of each of the above named Defendants who (1) worked as a Laborer in Texas, Missouri, Arkansas, Illinois, or any other state where the following operating divisions of Defendants performed services:**
> **a) Circuit Patrol**
> **b) Ground Line Treatment**
> **c) Pole Load Analysis**
> **d) Steel**
> **e) Vegetation Patrol**
> **f) Sound & Bore**
> **g) Underground Residential Distribution**
> **during the class period, and (2) claims that he or she was deliberately misclassified as being exempt from the overtime pay provisions of 29 U.S.C., et. seq.; or failed to receive all or his or her overtime pay, in violation of 29 U.S. C., et. seq., and seeks payment for such lawfully earned overtime pay.**

24.     Plaintiff, JOSE OLVERA, seeks to represent only those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Plaintiff JOSE OLVERA'S counsel as required by 29 U.S.C. § 216(b).

25.     Those persons who choose to opt in, referred to as the "Plaintiff's class", will be

listed on subsequent pleadings and copies of their written consents to sue will be filed with the Court.

26. Plaintiff JOSE OLVERA contends that this action is appropriate for collective action status because each named Defendant herein has acted in the same manner with regard to all members of the Plaintiff's class.

## V. FACTS

27. At all times relevant to this action, Defendant has been subject to the requirements of the Fair Labor Standards Act 29 U.S.C. 201 et. seq.

28. For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

29. Defendants employed Plaintiff, JOSE OLVERA from March, 2010 until January, 2012.

30. During his employment, Plaintiff worked for Defendants as a laborer, and was paid of $8.00 per hour, calculated on an hourly basis.

31. During his employment and in the routine performance of his day-to-day job duties, Plaintiff has performed non-exempt work, during a significant period of most days, as classified by the Act, because the performance of Plaintiff's job required it and because Defendants' management required the performance of those non-exempted job duties, as a condition of Plaintiff's continued employment.

32. In particular, Plaintiff, performed heavy manual labor for Defendants' businesses.

33. During Plaintiff's employment, while working for the Defendants as a laborer, Plaintiff was required to work overtime hours in excess of 40 hours worked during each seven-

day workweek.

34.     Further, during these hours worked, Plaintiff has performed the function of his job, which included the performance duties typically performed by "hourly" paid non-exempt employees because the job required it and the Defendants' management required it, as a condition of Plaintiff's continued employment.

35.     Plaintiff routinely worked in excess of 40 hours per week during his employment with the Defendants.

36.     Similarly, during at least the past three years, all of the employees employed at all business locations owned and/or operated by Defendants were routinely required to work in excess of 40 hours per week to perform their job duties which included the performance of duties classified as non-exempt by the Act, because their job duties required the performance of those job duties and because Defendant's management required it as a condition of their employment.

37.     Defendants required Plaintiff and all others similarly situated to perform all necessary work to include the performance of those duties otherwise typically performed by "hourly" employees which routinely required Plaintiff and other similarly situated employees to work "overtime" hours as defined by 29 U.S.C. § 201 *et seq*., for which they  failed to receive overtime compensation as required by the Act.

## VI. <u>FIRST CLAIM FOR RELIEF</u>
### (Unpaid overtime compensation under the FLSA)

38.     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully written herein.

39.     Plaintiff JOSE OLVERA and all others similarly situated are considered non-exempt employees under the statutory provisions of the Fair Labor Standards Act, 29 U.S. C. 201, et seq.

40.     Plaintiff JOSE OLVERA and all others similarly situated are entitled to receive overtime pay for all hours they have worked in excess of 40 during each seven-day workweek.

41.     Defendants failed to compensate Plaintiff and all others similarly situated, their entitled pay (including overtime pay) for those hours they worked in excess of 40 per week.

42.     Defendants have violated 29 U.S.C. § 201 *et seq*. by failing to compensate the Plaintiff and all other similarly situated employees "overtime" pay for all hours worked in excess of 40 hours per week.

43.     Defendants have failed to make good faith efforts to comply with the FLSA, and have thus violated the requirements of the federal statute.

44.     Defendants have failed to maintain a complete, accurate, and contemporaneous record of the number of hours worked per workweek by Plaintiff and by all other similarly situated employees, as required by law.

45.     Each Defendants' conduct was willful within the meaning of 29 U.S.C. § 255(a).

46.     No lawful   exemption excused the Defendants from compensating Plaintiff and all others similarly situated, overtime pay for hours worked over forty per week.

47. Defendants knowingly, willfully, or with reckless disregard carried out an illegal pattern and practice of deceptive and fraudulent accounting practices regarding overtime compensation due to Plaintiff and to all others similarly situated.

48.     Plaintiff and all others similarly situated seek an amount of back-pay equal to the unpaid overtime compensation from the date they commenced employment for the Defendants until the date of trial.

49.     Plaintiff and all others similarly situated further seek an additional equal amount as liquidated damages, as well as reasonable attorney's fees and costs as provided by 29 U.S.C. §

216(b), along with post-judgment interest at the highest rate allowed by law.

## VII. COLLECTIVE ACTION ALLEGATIONS

50. Each and every allegation contained in the foregoing paragraph is re-alleged as if fully written herein.

51. Other employees have been victimized by this pattern, practice, and policy of the Defendants that is in violation of the FLSA.

52. Thus, from personal knowledge, Plaintiff is aware that the illegal practices and policies of Defendants have been imposed on other workers.

53. Accordingly, each Defendant's pattern and practice of failing to pay the overtime pay (at time and one-half) of employees as required by the FLSA results from the Defendants' general application of policies and practices, and does not depend on the personal circumstances of the members class.

54. Plaintiff JOSE OLVERA'S experience is typical of the experience of the member's class as it pertains to compensation.

55. The specific job titles or job requirements of the various members of the class do not prevent collective treatment.

56. All employees, regardless of their job requirements or rates of pay, who are denied overtime compensation for hour worked in excess of 40 per week, are similarly situated.

57. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

58. All current and former employees of Defendants' business, who at any time during the three years prior to the date of filing of this action to the date of judgment who were denied overtime pay for hours worked in excess of forty (40) in any given workweek are

properly included as members of the class.

## VIII.   SECOND CLAIM FOR RELIEF
### (Unpaid overtime compensation under the FLSA for work performed and not recorded)

59.     Each and every allegation contained in the foregoing paragraphs are re-alleged, as if fully written herein.

60.      Plaintiff JOSE OLVERA and all others similarly situated are considered non-exempt employees under the statutory provisions of the Fair Labor Standards Act, 29 U.S. C. 201, et seq.

61.     Plaintiff JOSE OLVERA and all others similarly situated are entitled to receive compensation for any all hours they have worked during each seven-day workweek.

62     Defendants failed to compensate Plaintiff and all others similarly situated, their entitled pay (including overtime pay) for those hours they worked every week.

63.      Specifically, JOSE OLVERA and all others similarly situated routinely worked hours for which accurate records of hours were not kept by Defendants, in violation of the Fair Labor Standards Act.

64.     Defendants have violated 29 U.S.C. § 201 *et seq.* by failing to compensate the Plaintiff and all other similarly situated employees  pay for all hours worked , but not recorded.

65.     Defendants have failed to make good faith efforts to comply with the FLSA, and have thus violated the requirements of the federal statute.

66.     Defendants have failed to maintain a complete, accurate, and contemporaneous record of the number of hours worked per workweek by Plaintiff and by all other similarly situated employees, as required by law.

67.     Each Defendants' conduct was willful within the meaning of 29 U.S.C. § 255(a).

68.    No lawful exemption excused the Defendants from compensating Plaintiff and all others similarly situated, pay for hours worked but not recorded.

69. Defendants knowingly, willfully, or with reckless disregard carried out an illegal pattern and practice of deceptive and fraudulent accounting practices regarding "off-the-clock" work .

70.    Plaintiff and all others similarly situated seek an amount of back-pay equal to the unpaid compensation for hours worked, but not recorded from the date they commenced employment for the Defendants until the date of trial.

71.    Plaintiff and all others similarly situated further seek an additional equal amount as liquidated damages, as well as reasonable attorney's fees and costs as provided by 29 U.S.C. § 216(b), along with post-judgment interest at the highest rate allowed by law.

## IX . COLLECTIVE ACTION ALLEGATIONS

72.    Each and every allegation contained in the foregoing paragraph is re-alleged as if fully written herein.

73    Other employees have been victimized by this pattern, practice, and policy of the Defendants that is in violation of the FLSA.

74.    Thus, from personal knowledge, Plaintiff is aware that the illegal practices and policies of Defendants have been imposed on other workers.

75.    Accordingly, each Defendant's pattern and practice of failing to compensate employees for hours worked , but not recorded, as required by the FLSA results from the Defendants' general application of policies and practices, and does not depend on the personal circumstances of the members class.

76.    Plaintiff JOSE OLVERA's experience is typical of the experience of the

member's class as it pertains to compensation.

77.    The specific job titles or job requirements of the various members of the class do not prevent collective treatment.

78.    All employees, regardless of their job requirements or rates of pay, who are denied compensation for hour worked, but not recorded, are similarly situated.

79.    Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

80.    All current and former employees of Defendants' business, who at any time during the three years prior to the date of filing of this action to the date of judgment who were denied compensation for hours worked, but not recorded in any given workweek are properly included as members of the class.

## X. ATTORNEY FEES

81.    Each and every allegation contained in the foregoing paragraph is re-alleged as if fully written herein.

82.    Plaintiff JOSE OLVERA , and all other similarly situated, are entitled to recover attorney's fees and costs for bringing this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

## XI. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff JOSE OLVERA, and all other similarly situated respectfully request that upon hearing, the Court grant Plaintiff, and all others similarly situated, relief as follows:

a.    Declare that Defendants have violated the Fair Labor Standards Act, specifically, 29 U.S.C. § 207, by failing to Plaintiff and all others similarly situated, overtime pay at one and one-half times their regular hourly rate for all hours in excess of 40 worked during each seven-day work period.

b.      Enjoin Defendants from failing to pay Plaintiff and all others similarly situated, at one and one-half times their regular hourly rate for all hours in excess of 40 worked during each seven-day work period.

c.      Order Defendants to pay Plaintiff and all others similarly situated, the difference between what they should have paid for overtime hours Plaintiffs worked during the relevant period and what they were actually paid, together with an equal amount as to liquidated damages.

d.      Order Defendants to pay Plaintiff and all others similarly situated employees' reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

e.      Order Defendants to pay post-judgment interest at the highest lawful rate for all amounts, including attorney's fees, awarded against Defendants.

f.      Order further relief, whether legal, equitable, or injunctive, as may be necessitated to effectuate full relief to Plaintiff JOSE OLVERA, and to all other similarly situated employees of the Defendants.

Respectfully submitted,

**THE LAW OFFICES OF JOE M. WILLIAMS & ASSOCIATES, P.L.L.C.**

810 Highway 6 South, Suite 111
Houston, Texas  77079
(832) 230-4125 – Telephone
(832) 230 –5310 Facsimile

By: _/s/ John C. Lipps_____
      John C. Lipps
      Federal ID. No.246689
      State Bar No. 00793134

By: _/s/ Joe M. Williams_____
      Joe M. Williams
      State Bar No. 24063066

**ATTORNEYS FOR PLAINTIFF JOSE OLVERA AND ALL OTHERS SIMILARLY SITUATED**